TotteN, J.,
delivered tbe opinion of tbe court.
Tbe action is replevin for two negro slaves. There was judgment for tbe plaintiff, and defendants have appealed in error to this court. Tbe question is, did bis honor, tbe circuit judge, err, in overruling tbe motion in arrest of judgment? It is argued that be erred.
First: Because tbe declaration is defective.
Second: Because the judgment is joint, against two, when only one of tbe defendants pleaded to tbe action.
Tbe declaration states, that “Benj. W. Corn and Elizabeth, bis wife, were summoned to answer Daniel Braz-elton of a plea, wherefore they took tbe slaves of Daniel Brazelton, and unjustly detained,” &c. It avers, “that tbe said Elizabeth A. Corn, on, &e., took tbe slaves, money, &c., and unjustly detained tbe same,” &c.
Now, tbe declaration is defective in this: It does not aver that tbe slaves were taken and detained by tbe said defendants. Tbe averment refers to one of them only. But as tbe wife could not take and detain tbe slaves for herself, for lier possession would enure to tbe benefit of her husband; and as be is liable for tbe act of bis wife in wrongfully taking and detaining tbe slaves, it is a legal *275 conclusion from tlie facts stated, that the husband is liable in the same manner as if he had done the act himself. If the averment were that both defendants took and detained the slaves, it would be supported by proof, that the wife took and detained them; for the husband is liable for the wrongful acts of his wife. The objection, therefore, is merely formal, and that is no longer a reason iii arrest of judgment, in the supreme court. Act, 1852, ch. 152, § T.
This statute is imperative, that this court shall not arrest a judgment “for any defect or imperfections in matters of form;” which, by law, before this amendment, was sufficient cause in arrest. It applies to all cases from the time it went into effect, though the suits may have been instituted before the statute was enacted. Eor, its terms are general, and apply to every case alike. It affects no rights, but relates exclusively to the remedy, and declares, that, “hereafter,” a defect, in matter of form, shall be no cause in arrest of judgment in this court.
It is further objected, that there is no direct averment in the declaration, that said Elizabeth was the wife of Benj. W. Corn. We think, however, that the averment is in substance, made, though informally. And if the fact were not true, it was matter in abatement.
As to the plea, it is in these words: “ Def’t plead not guilty;” on which the plaintiff joined issue, and there was a verdict that the defendants were guilty. It is the mere name of a plea, and might have been stricken out by the court, or treated as a nullity; but it is taken by the plaintiff instead of a plea, or as a valid plea, and that is a waiver of the objection. But it is said to be the plea of one defendant, only. *276 if this were so it would, vitiate the judgment, which is rendered upon a verdict against the two defendants. It was treated by the parties as the plea of both defendants, and that is the fair construction.
The objection is a mere verbal criticism, not to be favored; but if that were the test, then the word plead is in the plural form, and applies to both defendants.
Judgment affirmed.